# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY YATES, #B26093, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19−cv−00362−SMY |
| | ) |
| DR. GRUSEN and | ) |
| JONATHAN FATHEREE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Jeffrey Yates, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Centralia Correctional Center ("Centralia"), brings this civil rights action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights. Plaintiff alleges that Centralia's dentist failed to treat an impacted wisdom tooth for approximately two years, resulting in unnecessary pain and severe infection. (Doc. 1, pp. 1-12). Plaintiff asserts an Eighth Amendment deliberate indifference claim against the prison's dentist and warden. He seeks money damages. (*Id*. at p. 5).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**The Complaint**

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 1-12): For almost two years, Plaintiff complained of wisdom tooth pain and swollen gums to Centralia's dentist, Dr. Grusen. Each time, Dr. Grusen told Plaintiff that his tooth was "fine." (*Id*. at p. 3). Dr. Grusen did not prescribe Plaintiff pain medication or antibiotics. Plaintiff was finally sent to an oral surgeon for extraction of an impacted wisdom tooth on August 7, 2018. When the surgeon cut into Plaintiff's bleeding and swollen gums, "green fluid gushed out." (*Id*.). Plaintiff's wisdom tooth and molar were severely infected, and both teeth were extracted. (*Id*. at p. 4). During his recovery, Plaintiff required several rounds of antibiotics, muscle relaxers, and prescription pain medication. He now brings this action against the dentist (Grusen) and warden (Fatheree) for the denial of appropriate dental care. (Doc. 1, pp. 1-12).

Based on the allegations in the Complaint, the Court finds it convenient to designate a single Count:

> **Count 1:** Eighth Amendment deliberate indifference claim against Defendants for denying or delaying treatment of Plaintiff's impacted wisdom tooth for approximately two years, resulting in prolonged and unnecessary pain, infection, and tooth extraction.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

**Discussion**

Deliberate indifference to serious medical needs of inmates may constitute cruel and unusual punishment in violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state such a claim, a plaintiff must show that: (1) he suffered from an objectively

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

serious medical condition; and (2) state officials acted with deliberate indifference to his health or safety, which is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The Seventh Circuit has long recognized that "dental care is one of the most important medical needs of inmates." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (citation omitted). Objectively serious dental needs include those for which a failure to treat causes problems such as headaches, extreme pain, bleeding, infected gums, and problems eating. *Id.* at 593. Thus, Plaintiff's allegations of prolonged pain and serious infection support an Eighth Amendment claim.

The subjective component of the claim requires Plaintiff to demonstrate that each defendant responded to his medical condition with deliberate indifference. *See Berry v. Peterman*, 604 F.3d 435, 440-41 (7th Cir. 2010); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference is established when prison officials "know of and disregard an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'" *Greeno*, 414 F.3d at 653 (quoting *Farmer*, 511 U.S. at 834). Plaintiff's allegations suggest Dr. Grusen was aware of and disregarded Plaintiff's complaints of prolonged dental pain, so Count 1 will receive further review against this defendant.

However, Count 1 will be dismissed against Warden Fatheree. Plaintiff identifies the warden as a defendant in the case caption but makes no allegations against him in the statement of his claim. (Doc. 1, pp. 3-4). Merely invoking the name of a potential defendant is not enough to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Moreover, Warden Fatheree cannot be held liable for Plaintiff's alleged constitutional deprivation based on his supervisory position at the prison. "The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). The Complaint does not suggest that Warden Fatheree had any knowledge of Plaintiff's condition or his need for treatment before his referral to an oral surgeon for treatment. By all indications, the warden had no involvement in this matter at all until Plaintiff was treated.[2] Accordingly, Count 1 will be dismissed without prejudice against Warden Fatheree.

**Disposition**

**IT IS ORDERED** that the Complaint (Doc. 1) survives preliminary review pursuant to 28 U.S.C. § 1915A. **COUNT 1** will proceed against Defendant **DR. GRUSEN**. However, **COUNT 1** is **DISMISSED** without prejudice against Defendant **JONATHAN FATHEREE** for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendant **DR. GRUSEN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the

---

[2] The Court identified a single exhibit that may have been signed by the warden. (*Id*. at p. 9). A grievance response addressing the delay in Plaintiff's dental care was marked "received" on November 19, 2018 and "denied" on November 21, 2018 because Plaintiff was already "being treated." (*Id*.). It appears that Warden Fatheree may have concurred with this decision. (*Id*.). But because this occurred approximately three months after Plaintiff was treated, the allegations support no deliberate indifference claim against Warden Fatheree.

Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that if Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even if his *in forma pauperis* application is granted. 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 4/23/2019**

s/ STACI M. YANDLE
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**